IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| BRIAN ORLANDO WILLIAMS, § <br> Institutional ID No. 2331544 § <br> Previous ID No. 121216 § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TAYLOR COUNTY JAIL, *et al.*, § <br> § <br> Defendants. § | Civil Action No. 1:20-CV-00266-BU |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Now before the Court is a Motion for Summary Judgment filed by pro se Plaintiff Brian Williams on June 18, 2021. Dkt. No. 24. Williams moves for summary judgment "in the ammont [sic] of 20,000,000.00 Twenty Million dollers [sic] by law." *Id*. at 2.

Under the authority of 28 U.S.C. § 636(b) and an order of transfer, this case was transferred to the undersigned United States magistrate judge for further proceedings. Dkt. No. 13. Because the parties have not consented to the exercise of jurisdiction by the undersigned, the undersigned is required to file Findings, Conclusions, and a Recommendation with respect to all dispositive matters, which includes motions for summary judgment.

For the following reasons, the undersigned recommends that Williams's Motion for Summary Judgment (Dkt. No. 24) be denied.

1

## I.  DISCUSSION AND ANALYSIS

Williams, an inmate incarcerated by the Texas Department of Criminal Justice and proceeding pro se, filed this civil action under 42 U.S.C. § 1983 on December 23, 2020, complaining of alleged civil rights violations during his incarceration at the Taylor County Detention Center in Abilene, Texas. Dkt. No. 1. Specifically, Williams alleges that the Defendants in his Complaint used excessive force against him and denied him adequate medical care. *Id.* The Court granted Williams leave to proceed in forma pauperis, which subjects his Complaint to the Court's preliminary judicial screening measures under 28 U.S.C. § 1915(e)(2). Dkt. No. 14. Because Williams brings this lawsuit against government officials, his Complaint is also subject to screening under 28 U.S.C. § 1915A(b).

Under the statutory directives provided by §§ 1915 and 1915A, the Court must conduct preliminary screening prior to service of process on the defendants. Additionally, in the Instructions to a Prisoner *Pro Se* Plaintiff provided to Williams when he filed this lawsuit, he was informed of the following: "If the Court grants leave to proceed in forma pauperis, service of process will be withheld pending review of your complaint, and your complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)." Dkt. No. 3. The judicial screening process remains pending in this case. Thus, Williams's motion for summary judgment is premature and inappropriate.

Summons has not yet issued and no answer has been filed by the Defendants. Summons will issue if and when the Court finds that Williams's claims survive the Court's preliminary judicial screening process. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, the Court should deny Williams's motion for summary judgment.

## II.  CONCLUSION

For the above reasons, the undersigned RECOMMENDS that Williams's Motion for Summary Judgment (Dkt. No. 24) be DENIED. The undersigned further RECOMMENDS that the United States District Judge transfer this case back to the undersigned after ruling on these Findings, Conclusions, and Recommendation so that the undersigned may continue the preliminary judicial screening process under § 1915(e)(2).

It is ORDERED that this case be transferred back to the docket of the United States District Judge and designated as Civil Action No. 1:20-CV-00266-H.

## III.  RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 1st day of July, 2021.

                                                          
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

4